**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CRISTIAN ALBERTO GOMEZ DOMINGUEZ,

Petitioner,

v.

WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, et al.,

Respondents.

Case No.: 3:26-cv-06202-RBM-MMP

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS ON SCREENING**

**[Docs. 1, 2, 3]**

Petitioner Cristian Alberto Gomez Dominguez ("Petitioner"), proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (Doc. 1). Petitioner has previously filed a habeas petition. *See Gomez-Dominguez v. Warden*, Case No. 3:26-cv-01560-RBM-MMP (S.D. Cal. Mar. 9, 2026), ECF No. 1. In that previous case, the Court granted Petitioner's motion to proceed *in forma pauperis* and appointed Federal Defenders of San Diego, Inc. as Petitioner's counsel. *See id.*, ECF Nos. 3, 7. After the previous petition was fully briefed, the Court denied it, finding that: (1) Petitioner had not met his burden to show that exhaustion should be excused and (2) even if he had, he could not succeed on the merits because his "as-applied challenge to the length of his detention under § 1226" was foreclosed by the fact that he had "already received a bond hearing" just a few months before filing the previous petition. *Id.*, ECF No. 17 at 3–4.

On October 29, 2026, Petitioner commenced this action by filing the instant Petition (Doc. 1), Application to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2), and Motion for Appointment of Counsel (Doc. 3). The Court **GRANTS** the IFP Motion (Doc. 2) for the reasons it did so in the previous petition. *See Gomez-Dominguez*, Case No. 3:26-cv-01560-RBM-MMP, ECF No. 3.

However, a habeas petition is subject to summary dismissal when it is repetitive or duplicative. *See Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). That is the case here; the Petition provides no new information or grounds for relief that were not raised in the prior petition. Even if the Court weighed the *Mathews v. Eldridge*, 424 U.S. 319 (1976) factors, the Court would not on this record find a plausible due process violation. Under *Mathews*, courts must consider: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 334–35.

First, courts have recognized that an immigration detainee's liberty interest is "somewhat diminished" when he has previously received a bond hearing. *See Alvarez v. Beccerra*, No. 1"26-cv-00008 DC SCR, 2026 WL 295552, at *4 (E.D. Cal. Feb. 4, 2026) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022)). Second, where a noncitizen has already been afforded process, "the risk of an erroneous deprivation of his liberty interest and the value of additional procedures is very low unless he can demonstrate a material change in circumstances since his last bond hearing." *Kun v. Warden*, Case No.: 26-CV-4669 JLS (MMP), 2026 WL 2824538, at *3 (S.D. Cal. Sept. 21, 2026) (citation modified). Petitioner has not done that here because, as noted above, the Petition includes no new information. And third, although the cost and administrative burden of providing another bond hearing is low, this factor does not outweigh the first two. Therefore, the Court **DISMISSES without prejudice** the Petition (Doc. 1).

Accordingly, the Court **DENIES as moot** Petitioner's Motion to Appoint Counsel (Doc. 3). *See Griffin v. Price*, No. 1:22-cv-00015-JLT SAB (HC), 2022 WL 784745, at *1 (E.D. Cal. Mar. 14, 2022) (finding that appointment of counsel is "not warranted" where the petition was denied as duplicative).

For the foregoing reasons, the Court **ORDERS**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**. Petitioner may file an amended petition on or before **December 4, 2026**. The amended petition must be complete by itself, without referencing any previous filings. The amended petition **SHALL BE FILED IN THIS CASE, USING THIS SAME CASE NUMBER**.
2. The IFP Motion (Doc. 2) is **GRANTED**.
3. The Motion to Appoint Counsel (Doc. 3) is **DENIED as moot**.

**IT IS SO ORDERED**.

DATE: November 2, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE